## No. 12,751.

PEOPLE EX REL. PEIFFER *v.* WHITE ET AL.
(294 Pac. 535)

Decided December 22, 1930. Rehearing denied December 27, 1930.

Mr. PHILIP HORNBEIN, Mr. JOHN I. MULLINS, for plaintiff in error.

Mr. G. F. WALTER, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error sued out an alternative writ of mandamus in the district court of Teller county, Colorado,

wherein it was charged that the defendants in error, the canvassing board of Teller county, failed to properly certify the vote in precinct No. 7 in the city of Victor, county of Teller, state of Colorado; that the certified count of the judges in said district delivered to the canvassing board showed that the relator Vernon Peiffer had received 233 votes for the office of state senator and his sole opponent E. P. Arthur had received 188 votes; that defendants in error, instead of accepting the certificate of the judges in said precinct, unlawfully certified that the relator had received 200 votes and that Arthur had received 221.

The case is here on error to review the judgment of the district court dismissing the alternative writ.

The defendants in error in canvassing this vote rejected the totals in words and figures of each candidate certified by the election judges, namely 188 for Arthur and 233 for Peiffer and based their computation solely upon the tally marks which showed 221 for Arthur and 200 for Peiffer, exclusive of mail votes, which are not here involved.

It is urged that the canvassing board had no right to ignore the certificate of the judges showing the total number of votes cast for each candidate and to determine such totals solely from the tally marks.

We believe that the decision of *People v. Tool,* 35 Colo. 225 (86 Pac. 224) is controlling of the question here involved. Therein it appears at page 250:

"Tally lists shall be kept during the counting of the ballots by the precinct officials. These lists are intended as a preliminary to the making up of the official returns. They are convenient, and, perhaps, necessary for the use of the judges and clerks in casting up the vote; but, in case of a discrepancy between the tally lists and the returns written out in words, which shall control? It is hardly reasonable to presume that it was the intention of the general assembly, in case of such discrepancy, to leave it to the members of the canvassing board to adopt

whichever result might be most in harmony with their political affiliations or personal preferences. Such a construction would open the door to the perpetration of frauds. An intelligent interpretation of our statutes on the subject of canvassing votes requires that where there is a discrepancy between the tally list and the certificate proper, that the canvassers shall be bound by some rule that is reasonable and certain, and not subject to variation according to the discretion of the board of canvassers. *People ex rel. Noyes v. Board of Canvassers,* 126 N. Y. 392. The law does not state that the board of canvassers shall not consider the tally list, and that the canvass shall be limited to the certificate. If, however, the tally list may be resorted to by the canvassers and their canvass based upon such lists rather than upon the certificates, then the lists are, in effect, to be regarded as controlling, or as the best evidence of the count made by the precinct election officials. The legislature has required a certificate to be made by the judges and clerks of election in such form that it could not be changed except it would show evidence of having been tampered with. In the face of this provision it certainly was not the purpose of the general assembly to allow mere tally sheets, which are not certified, which contain nothing more than strokes of pen or pencil with respect to the number of votes cast for any candidate, and which can be readily changed, to be taken as evidence sufficient to contradict the certificates in case of a discrepancy between such certificates and the tally sheets."

In the instant case there is a discrepancy between the total number of tally marks and the total number of votes cast for each candidate as disclosed by both words and figures which are certified to by the judges of election. The defendants in error under the Tool case, supra, had no power to reject the totals shown in words and figures and compute the total number of votes cast for each candidate based solely upon the number of tally marks appearing opposite the name of each.

The judgment of the district court is reversed and it is hereby ordered by the court that defendants in error, John H. White, as county clerk, and Lee Morris and J. C. Mitchell, as justices of the peace, reconvene as the canvassing board of Teller county, Colorado, at the office of said county clerk, in Cripple Creek at 2 p. m. Monday, December 22, 1930, and forthwith recertify the vote from that county on state senator, as heretofore save as amended by the certificates of the judges and clerks of election, in precinct seven thereof, showing 188 votes therein for Arthur, and 233 for Peiffer, exclusive of the mail vote.

MR. JUSTICE CAMPBELL and MR. JUSTICE BUTLER not participating.