Councilman Warren GOFF, Councilman Marvin Monroe, Councilman Mike Starika, Councilwoman Emily Tracy, Councilwoman Heidi Willard, Councilman Dick Kerr, Councilman Barry Singleton, and the City Council of the City of Canon City, Petitioners–Appellees,

v.

Terry KIMBREL, Julie G. Marshall, Shelly Hilbert, and John Battin, Respondents,

and

Katherine L. Schwinn, Respondent–Appellant,

and

Philip C. Freytag and Stephen M. Stewart, Intervenors–Appellants.

No. 92CA0237.

Colorado Court of Appeals, Div. IV.

Feb. 11, 1993.

John D. Havens, City Atty., Canon City, for petitioners-appellees.

Katherine L. Schwinn, pro se.

Philip C. Freytag, pro se.

Stephen M. Stewart, pro se.

Opinion by Judge PLANK.

This appeal arises from a district court final order that respondent John Battin be declared by the City Council of Canon City to be the winner of an election for an at-large seat on the City Council. Respondent Katherine Schwinn and intervenors, Philip Freytag and Stephen Stewart, appeal the order declaring Battin the winner. We reverse.

This dispute concerns the election of two at-large council seats on the City Council of Canon City. In the November 5, 1991, municipal elections, the ballot contained sections for City Council positions in Precincts 2 and 4, and also for two at-large seats. There were four candidates printed on the ballot for the at-large seats, including respondent Schwinn. Acting pursuant to § 31–10–306, C.R.S. (1986 Repl.Vol. 12B) of the Municipal Election Code and Canon City Municipal Code § 1.20.040, Battin duly filed an affidavit of intent as a write-in candidate for one of the at-large seats.

The municipal election was held using ballots that were electronically scanned. Each ballot was also examined physically by two counting judges assigned by the city clerk to count and tally the write-in and absentee ballots. The city clerk instructed the counting judges on what was a proper write-in vote and told them not to count an irregular ballot.

It is undisputed that the first at-large seat was won by an individual collecting over 1200 votes. This controversy centers on the second at-large seat, which was a close contest between respondents Schwinn and Battin.

Schwinn was certified by the canvassing board as having received 709 votes, with a margin of error of one vote. The canvassing board was willing to certify at least 695 votes for Battin, but refused to certify a total number for him, because it could not unanimously agree either on its duties as canvassing board or on how to count 47 irregular ballots. The city clerk in turn refused to certify the results of the second at-large seat without a unanimous decision of the canvassing board and referred the matter to the City Council. The Council authorized the city attorney to bring this action in the district court against the original respondents.

Freytag and Stewart, registered electors residing in the City of Canon City, were allowed to intervene. They contended that the canvassing board followed improper procedures by failing to certify the election results. As well, respondent Schwinn filed a motion to dismiss the petition for failure to state a claim.

The trial court then held a hearing on the matter. The trial court agreed that the case was not before the court in proper form, but it nevertheless assumed jurisdiction to resolve the issues before it. Following the hearing, the court examined the 47 disputed ballots and found that all but one of the ballots evidenced an intent to vote in favor of Battin for the at-large seat. The court then ordered the City Council to seat Battin.

Intervenors and respondent Schwinn contend that the trial court should have ordered the canvassing board to certify the election results so that a proper election contest could ensue. We agree.

### A.

First, it is argued that the trial court had no jurisdiction to enter any orders regarding this matter. We disagree and hold that the trial court had jurisdiction.

Section 31–10–1401, C.R.S. (1986 Repl. Vol. 12B) provides the following:

When any controversy arises between any official charged with any duty or function under this article and any candidate or other person, the district court, upon the filing of a verified petition by any such official or person setting forth in concise form the nature of the controversy and the relief sought, shall issue an order commanding the respondent in such petition to appear before the court and answer under oath to such petition. *It is the duty of the court to summarily hear and dispose of any such issues, with a view to obtaining a substantial compliance with the provision of this*

*article by the parties to such controversy, and to make and enter orders and judgments and to follow the procedures of such court to enforce all such orders and judgments.* (emphasis added)

Under Colo. Const. art. XIX, the City of Canon City is a home rule corporation. Thus, the city's charter, in regards to local and municipal matters, supersedes any conflicting law of the state.

However, this statute is not in conflict with any provisions in the Canon City Charter, and thus, it is applicable here.

 The appropriate construction of a statute is a question of law. *Colorado Division of Employment & Training v. Parkview Episcopal Hospital,* 725 P.2d 787 (Colo.1986). If the statute is explicit and unambiguous, it is proper to interpret the act by simply giving effect to the common and accepted meaning of words employed in the act. *City of Montrose v. Niles,* 124 Colo. 535, 238 P.2d 875 (1951). The words and phrases in statutes are construed according to their familiar and generally accepted meaning, and if the language of the statute is plain, its meaning clear, and no absurdity results, the court will not reach a strained interpretation. *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

Section 13–10–1401 is unambiguous, and hence, the trial court properly had jurisdiction to enter orders and judgments in this matter, with the goal of obtaining substantial compliance with the Municipal Election Code and the Canon City Charter.

### B.

 Next, it is contended that the trial court erred by not ordering the canvassing board to certify the election results in accord with the Canon City Charter and the Municipal Election Code. We agree.

Here, the trial court recognized that this case was not in "proper form." We hold that the City Council of Canon City is the only body authorized to declare the results of the election at issue here, and thus, it was improper for the trial court to make such a declaration. Without the canvassing board certifying the results and the Council declaring the election, no proper party nor issue was before the trial court. Thus, the only power the trial court had at that time was to issue an order compelling the canvassing board to perform its duties.

Canon City Charter art. VIII, § 15, provides the following regarding the canvassing of election returns:

The judges and clerks of election shall count, tally, and turn over all ballots, ballot boxes and their tally sheets of the votes to the City Clerk, who, with the Municipal Judge and a third person selected by the City Council, shall canvass the returns and certify the results of the election to the Council composed of the holdover members and the Councilmen and Mayor whose terms expire at the election. The Council shall then declare the results of the election and the Councilmen and Mayor newly elected shall qualify and enter upon the duties of their respective offices; provided, however that the new Council thus constituted, shall have final judgment of the election and qualifications of its members, including the Mayor.

"The word 'returns' in election laws means the report made by the polling officials to the higher authority as to the number of votes cast for each candidate...." 26 Am.Jur.2d *Elections* § 296 (1966). The canvass of the election returns entails summarizing all the returns from the election judges' and then certifying the results of the election. 26 Am.Jur.2d *Elections* § 298 (1966).

 Canvassing returns of ballots already counted by election officials is a ministerial duty of a canvassing board. *People ex rel. Griffith v. Bundy,* 107 Colo. 102, 109 P.2d 261 (1941). In contrast, "[t]he actual count, and determination of the result of the count of the ballots, when honestly exercised in good faith, has always been the exclusive province of the judges of the election, as where a dispute as to the count or the result of a ballot to be determined from what is shown upon its face, and their disposition of it so far as their action is concerned is judicial...."

*Leary v. Jones,* 51 Colo. 185, 197, 116 P. 130, 134 (1911). It is not within the province of a canvassing board to investigate questions concerning irregularities, frauds, and illegal votes in the ballot box, since any such complaints are properly raised in an election contest case. *Leary v. Jones, supra.*

Thus, the canvassing board had a duty to certify the election results as they were certified by the election judges on the returns, and since its canvassing duties are ministerial in nature, mandamus is proper when a canvassing board refused to perform its duty to certify an election. *See Leary v. Jones, supra.*

Regardless of whether the counting judges were correct in not crediting Battin with the 47 irregular ballots, absent a clerical mistake, the canvassing board should have tallied the returns of the counting judges and certified the election. *See People v. Bundy, supra; People ex rel. Harper v. Ingles,* 106 Colo. 213, 103 P.2d 475 (1940). By not doing so, the board usurped the authority expressly vested in the election judges under the City Charter. Thus, without the City Council declaring a winner, a proper election contest could not arise.

Hence, the trial court erred in not directing the canvassing board to certify the election and, further, by failing to instruct the board not to go beyond the election returns.

In view of the above holding, we decline to address the intervenors' arguments on how the 47 disputed ballots should be counted.

Hence, the order of the trial court is reversed, and the cause is remanded with directions that the trial court order the canvassing board to complete the canvass, instructing it that it cannot go beyond the returns of the election officers in tallying the results of the election.

JONES and MARQUEZ, JJ., concur.