## No. 12,661.

CIVIL SERVICE COMMISSION ET AL. *v.* PEOPLE EX REL. BEATES.

(295 Pac. 920)

Decided January 26, 1931. Rehearing denied February 16, 1931.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. CLARENCE L. IRELAND, Attorney General, Mr. FRED A. HARRISON, Assistant, for plaintiffs in error.

Mr. FOSTER CLINE, Mr. GEORGE A. TROUT, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

MARY L. Beates, an employe in the office of the secretary of state, brought this mandamus action to compel the respondents, the Civil Service Commission of the state of Colorado and Charles M. Armstrong, secretary of state, to certify for appointment and appoint her to the position of "Chief Information Clerk, Motor Vehicle Department." A review of a peremptory writ compelling such certification and appointment is here sought.

Mary L. Beates, relator, took an examination for "Chief Clerk All Departments and Institutions" on October 4, 1927, and on January 23, 1928, the eligible list for appointment of "Chief Clerk All Departments and Institutions" was established and her name appeared as second on that list, the first name thereon then and now being Philip A. Myres, who never has been tendered and has never refused the appointment of "Chief Information Clerk, Motor Vehicle Department." Myres was never requested by the relator to apply for such appointment. On January 6, 1930, relator made demand upon the Civil Service Commission for appointment to "Chief Information Clerk, Motor Vehicle Department," which was refused after said commission had found that the duties of the "Chief Information Clerk, Motor Vehicle Department," were dissimilar to the duties per-

formed by "Chief Clerk All Departments and Institutions" for which the eligible list of "Chief Clerk" was established and that said list was not suitable from which to fill the position sought. Since 1927, the position sought by relator has been occupied by J. P. Karsh, a provisional appointee, who has never taken the civil service examination for the position of either "Chief Clerk All Departments and Institutions" or "Chief Information Clerk, Motor Vehicle Department." The duties of "Chief Information Clerk, Motor Vehicle Department" are not merely clerical, but require that he secure from automobile dealers, search of records and other sources, information on the prices of vehicles, condition of licensing fees of the year, make a compilation thereof and give such information to the public and the motor vehicle department of the office of the secretary of state.

Assuming, but not deciding, that the appointment of "Chief Information Clerk, Motor Vehicle Department," should have been made from the eligible list of "Chief Clerk All Departments and Institutions," Myres, being the first thereon, had prior right of appointment thereto. Because it was not shown either that he had been tendered and had refused such appointment or had failed to make demand therefor upon request of relator, obviously she has no clear legal right to demand the position sought.

Since plaintiff has no clear legal right to compel the action sought, she cannot maintain mandamus. *Gruner v. Moore,* 6 Colo. 526; *Gunter v. Walpole,* 65 Colo. 234, 176 Pac. 290; *People ex rel. v. Butler,* 24 Colo. 401, 51 Pac. 510; 18 R. C. L., p. 119, §32; 38 C. J. 586.

In view of this ruling, it is unnecessary to consider other assignments of error. Accordingly, the judgment is reversed and the cause remanded with directions to dismiss the action.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.