**CLIFF BAKER v. THE STATE OF FLORIDA, ex rel. HI-HAT LIQUORS, INC., a Florida Corporation.**

31 So. (2nd) 275           June Term, 1947
July 15, 1947           En Banc
Rehearing denied August 1, 1947.

*DeCostas, Maer & Floyd,* for appellant.

*Carl T. Hoffman, N. J. Durant, Hoffman & Durant* and *George C. McCaughan,* for appellee.

PARKS, Associate Justice:

Peremptory writ of mandamus was issued by the Circuit Judge, ordering the Director of the State Beverage Department to revoke a retail liquor package store license issued to respondent, Cliff Baker, on the ground that his place of business is within 300 feet of a school site, in violation of Section 235.22, F. S. 1941, F.S.A. Respondent appeals.

The pleadings reflect that Hi-Hat and Baker hold identical licenses. Their respective places of business are located about two blocks apart, at No. 601-3 N.W. 20th St. and No. 414 N.W. 20th St., within the city limits of Miami. Hi-Hat's place of business is beyond the prescribed 300-ft. zone, while Baker's is within the zone. The petition and alternative writ allege that Hi-Hat complied with all the laws of the State and the United States in the conduct of its business, and charge that Baker "in the conduct of the business of a retail liquor package store

at the location hereinbefore described is in competition with relator, and relator is entitled to the unqualified enforcement of the laws of the State of Florida concerning the sale of intoxicating liquors by competitors."

As petitioner, Hi-Hat might have appeared (1) in the character of a citizen having no legal or special interest in the result other than having the law executed and the duty in question enforced, or (2) in that of a person enforcing a special interest or private right, in which event right to relief must clearly appear. State v. Atlantic Coast Line R. Co., 95 Fla. 14, 116 So. 48; State v. Crawford, 28 Fla. 441, 10 So. 118; Florida Central R. Co. v. State, 31 Fla. 482, 13 So. 103. Its declared object was to eliminate Baker as a competitor and, in so doing, place the action in the second category.

The Director, in his answer, and Baker, in his motion to quash, aver that, as licensee, Hi-Hat had no such special interest or private right that sustains the suit.

Neither licensee had anything more than a permit to engage in the liquor business. Each had the same rights and privileges. The law did not restrict competition between them, nor were they allotted any exclusive territorial areas. The profits or commercial advantages which Hi-Hat might gain in the elimination of Baker's competition are too elusive and uncertain to sustain the action.

The cause is reversed, with directions to dismiss.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN, ADAMS and BARNS, JJ., concur.