CLARENCE E. TURNER v. CITY OF MIAMI, a Municipal Florida corporation, and B. & B. STORES, INC., a Florida corporation.

34 So. (2nd) 551          January Term, 1948
March 23, 1948               Division A

*Louis M. Jepeway* and *Errol S. Mestrezat,* for appellant.

*J. W. Watson, Jr.,* and *John E. Cicero* for City of Miami, and *Choate & Sinclair* for B & B Stores, Inc., appellees.

CHAPMAN, J.:

The record in this case discloses that the appellant, Clarence E. Turner, plaintiff below, operated a liquor package store at 3596 N.W. 27th Avenue, Miami, Florida. He filed in the Circuit Court of Dade County, Florida, a bill in equity and therein prayed for a restraining order against the City of Miami from the issuance of a similar license to operate a liquor package store to B & B Stores, Inc., on the ground the proposed location was less than 2500 feet from the Turner's package store place of business and fell within the inhibitions of Ordinance No. 2896 of the City of Miami. On final hearing the injunction was denied and the bill dismissed. An application to amend the bill was by an appropriate order denied and the plaintiff below appealed.

It is within the power of the officials of the City of Miami to determine whether or not the proposed location of the package store of B & B Stores, Inc., is within 2500 feet of an existing licensee, to-wit, the package store of Clarence E. Turner, located at 3596 N.W. 27th Avenue in the City of Miami. If the proposed location is more than 2500 feet then a

license may be issued under Ordinance No. 2896. One of the essential questions presented here is the authority or right of Clarence E. Turner to maintain this suit in equity against the City of Miami as its objective unquestionably is to prevent or stifle competition within the trade area. It is generally held that a license to operate a package store for the sale of whiskey is at most a mere personal and temporary permit or privilege to be enjoyed so long as its conditions and restrictions are fully complied with—it authorizes to be done that which could not be done without it. Its issuance is a matter not of right but of legislative grace and may be extended, limited or denied. City of Miami Beach v. Patrician Hotel Co., 145 Fla. 716, 200 So. 213; Am. Jur. 296, par. 73. Authorities have not been cited to show that the plaintiff below, as a holder of a license to operate a package store issued by the City of Miami, has the right to maintain a suit in equity to restrain the city from issuing a similar license to a potential competitor.

The case of Baker v. State ex rel. Hi-Hat Liquors, Inc., 159 Fla. 286, 31 So. (2nd) 275, was a mandamus proceeding to require the State Beverage Department to revoke a retail liquor package store license previously issued to Cliff Baker on the ground that his place of business was within three hundred feet of a school site, in violation of the statute. Baker and Hi-Hat hold identical licenses and Hi-Hat's place of business was *beyond* the prescribed 300 feet zone, while Baker's was within the prescribed 300 feet zone. These parties are competitors in the sale of intoxicating liquors and the purpose of the suit was to eliminate Baker as a competitor.

We held that Hi-Hat did not have such an interest in the controversy as would permit it to maintain a mandamus suit to eliminate a potential competitor. We in part said (text 31 So. (2nd) page 276):

"Neither licensee had anything more than a permit to engage in the liquor business. Each had the same right and privileges. The law did not restrict competition beween them, nor were they allotted any exclusive territorial areas. The profits or commercial advantages which Hi-Hat might gain in

the elimination of Baker's competition are too elusive and uncertain to sustain the action."

The order dismissing the bill of complaint entered in the lower court is affirmed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.