THOMAS, Justice.
The plaintiff in the chancery court, respondent here, filed a bill for declaratory decree attacking the. validity of a permit issued to Dade Kennel Association and praying for a declaration of “the rights and duties of the petitioner and the defendants arising under and by virtue * * * of said dog racing permit * * The plaintiff also prayed that the same permit be declared void; that the racing commission be ordered to rescind its resolution approving application for the permit; that the defendant be enjoined from exercising any privileges under this permit; and that the Board of County Commissioners be restrained from calling an election for ratification by the electors, which would cause them “great inconvenience.” The defendants named in the bill, besides Dade Kennel Association, were the members of the Florida State Racing Commission and members of the Board of County Commissioners of Broward County.
*784 We see no need of detailing the allegations of the amended bill upon which the respondent, original plaintiff, relied as a justification for the relief it sought because we find a barrier to the determination of the case on the merits. The plaintiff had been conducting racing at its track in the winter racing season for twenty years. Tire permit granted petitioner, Dade Kennel Association, authorized racing only in the summertime, so the periods assigned to that petitioner and to the respondent did not conflict.
The order which the petitioners ask us to quash contained the recital that the controversy was being heard on motions to dismiss the amended bill, upon the petition for intervention and upon the objections to that petition. By agreement of the parties the arguments were confined to the question whether the plaintiff, Broward County Kennel Club, Inc., was entitled to maintain the action. The chancellor ruled that plaintiff had the right to sue; he ruled also that the taxpayer had the right to intervene.
In this review we are concerned primarily with the question whether the respondent, which conducted racing in the winter, could challenge an order of the racing commission allowing other operators to conduct racing in the summer.
It is clear to us by the light of the decisions of this court which we will cite that the respondent, Broward County Kennel Club, Inc., showed no such special interest in the subject undertaken to be litigated as would afford it the right to a decree interfering with the issuance of the license to the petitioner, Dade Kennel Association.
In Baker v. State ex rel. Hi-Hat Liquors, Inc., 159 Fla. 286, 31 So.2d 275, the operator of a liquor store tried to have a license issued by the beverage director revoked because the place of business of the licensee was located within a restricted area. The court held that the relator’s interest was too “elusive and uncertain” to entitle it to a writ of mandamus.
A similar situation was under consideration by the court in Turner v. City of Miami, 160 Fla. 317, 34 So.2d 551. In that case a liquor dealer was attempting to enjoin the City of Miami from issuing a license to a competitor on the ground that the business of the licensee would be located in a prohibited area. It was decided that the plaintiff had no right to sue and the order dismissing his bill was affirmed. Although in that decision the court passed upon the propriety of injunctive remedy the principle announced in Baker v. State ex rel. Hi-Hat Liquors, Inc., supra, a mandamus action, was applied.
We discover no fundamental difference between the positions of the persons who instituted the suits in the cited cases and the position of the respondent in this case. So much for the standing of the original plaintiff.
In his petition the intervenor described himself as a resident, taxpayer and real estate operator of Broward County. In the complaint which accompanied his petition he adopted by reference all of the plaintiff’s bill, except the introduction and prayers, and added, in substance, the charge that if summer racing should be permitted the combined effect of two racing periods would be detrimental to the morals and economics of the community. And, too, so he alleged, while winter racing attracts tourists who can “well afford the gambling,” summer racing would appeal to local people and divert them from their normal “living habits.” He further averred that racing in winter stimulated tourist trade although there was some opposition to the activity and that this antagonism might be so intensified by extending the racing period that mutuel betting would be terminated by a vote of the people causing a “severe setback to the tourist industry.” He sought a determination of the rights and duties “of the petitioners and the defendants” under the permit, a declaration that the permit was void, an order to rescind the permit, an injunction to restrain the petitioner, Dade Kennel Association, from exercising any privileges under the permit and an in *785 junction to restrain the Board of County Commissioners from holding an election to ratify the racing commission’s action.
We have studied carefully the in-tervenor’s complaint and have concluded that he, too, has failed to show what interest he has in the permit, or its issuance, that would justify the relief he sought.
The petition for certiorari is granted and the order denying the motion to dismiss and allowing the intervention is quashed.
MATHEWS, C. J., and TERRELL, SE-BRING, and ROBERTS, JJ., concur.