### HILDEBRANDT, et al v. DADE COUNTY BOARD OF RULES AND APPEALS.
No. 61-L-2101.

Circuit Court, Dade County.
July 24, 1961.

Leo M. Alpert, Miami, for petitioners.

Darrey A. Davis, County Attorney, and Shutts, Bowen, Simmons, Prevatt & Boureau, Miami, for respondents.

PHILLIP GOLDMAN, Circuit Judge.

Robert F. Hildebrandt, Albert W. Stirriz and Meredith Schoen (a master plumber and two journeymen plumbers) have petitioned this court for a writ of certiorari through which they seek judicial review and the quashing of an administrative decision of the Dade County Board of Rules and Appeals.

The administrative decision under attack is as follows[1]—

> That the permit for a standpipe system and installation in the Miami Herald building issued to Henley & Beckwith, Sprinkler Division, Inc., qualified by Mr. H. Stanley Price under a current certificate of competency #08657C as "Mechanical Master, Category 10, limited to fire sprinklers and standpipes" was properly issued by the Building Official, insofar as the provisions of the South Florida Building Code are concerned. And further that a permit for standpipes, exclusive of actual connection to a potable water supply, under the provisions of the South Florida Building Code, may be issued to a qualified contractor currently licensed in that field; in the instant case, as a "Mechanical Master, Category 10, limited to fire sprinklers and standpipes".

The petitioners' position is two-fold[2] — that the applicable provisions of the South Florida Building Code (enacted by the Dade County Board of County Commissioners as ordinance no. 57-22) prohibit the issuance of a permit for the installation of a fire standpipe system to *anyone* other than a master plumber; and, that there is no category authorized or permitted under the provisions of the contractors ordinance (enacted as ordinance no. 57-25 which ordinance, as amended, appears as chapter 10 of the Code of Metropolitan Dade County) as a "Mechanical Master — Category No. 10 — Limited to Fire Sprinklers and Standpipes — Unrestricted."

---

1. At the oral argument the parties all stipulated that the appendix to the brief filed by the county attorney constituted a proper record of the administrative proceedings before the board. In addition the parties all agreed that the court could take judicial notice of any and all material ordinances of Metropolitan Dade County and the respondents agreed to *waive* any objections with respect to the failure of the petitioners to file a record with their petition, or the initially asserted tardiness of petitioners' petition.

2. A third point (relating to alleged procedural deficiencies) was posed by petitioners in their brief. However, it was not argued in their brief nor was it argued before the court. Hence, it must be treated as abandoned. In addition, there is no foundation for such point in their petition. Moreover, the transcript of the record before the court fails to reveal any objections whatsoever to the procedure employed by the board.

Perhaps it should be noted at this juncture that the certificate of competency referred to in the order under review was issued by another board (Mechanical Contractors' Examining Board) pursuant to a different ordinance which contains its own procedures for administrative review. The import of this fact will, in due course, become apparent.

Before considering the "substantive" contentions of the petitioners there are, however, certain preliminary questions raised by some or all of the respondents which may require a dismissal of the petition and thereby preclude a determination of one or both of the points raised by petitioners.

In the first place the court has serious doubts that the petitioners here (as a master plumber and journeymen plumbers) have the necessary status to attack the issuance of the permit in question. See, e.g., Florida State Racing Commission v. Broward County Kennel Club, Inc., Fla., 77 So. 2d 783; Turner v. City of Miami, 160 Fla. 317, 34 So. 2d 551.

Although this alone would seemingly warrant a dismissal of the petition the court does not confine its decision to this ground.

Assuming that petitioners have the necessary status and interest to maintain this action the precise question before this court would seem to be: does the administrative decision of the board deviate from the essential requirements of law, or, stated differently, is the administrative interpretation of the South Florida Building Code by the board "clearly erroneous". Cf. Green v. Stuckey's of Fanning Springs, Inc., Fla. 99 So.2d 867, 868; Bloomfield v. Mayo, Fla. App., 119 So.2d 417, 420-421.

The court concludes that the decision in question does not so deviate. In fact, the decision of the board appears consistent with the applicable provisions of the code.

Chapter 38 of the South Florida Building Code is entitled "Fire-Extinguishing Apparatus" and appears to govern the methods and procedures for the installation of all fire extinguishing systems, including standpipes and sprinkler systems. Section 3803 thereof provides — "*A permit for a standpipe system shall be required as set forth in subsection 4601.5 and inspections shall be as set forth in subsection 4601.6.*" (Italics added.)

In addition section 4617 of the building code (found in chapter 46 which is the chapter on plumbing) provides — "Standpipes, yard hydrants and other fire-extinguishing apparatus shall be as set forth in chapter 38. *A permit for a standpipe system shall be required as set forth in subsection 4601.5 and*

inspections shall be as set forth in subsection 4601.6."  (Italics added.)

It is apparent then that *both* the chapter relating to *fire-extinguishing apparatus* (chapter 38) and the chapter relating to *plumbing* (chapter 46) expressly direct one interested in a permit for a standpipe system to 4601.5 of the code.

This section, after describing the areas of operation (including the subject of this litigation) within which a plumbing permit is required, goes on to provide, in material part, as follows —

> (2)  *Application for plumbing permit will be accepted only from contractors currently licensed in their respective fields* and for whom no revocation or suspension of license is pending; provided that application for a plumbing permit for all excavation work for plumbing, on or in public streets or thoroughfares, and all sewer, drain, soil waste or vent work will be accepted only from a person currently certified and having in his possession a Master Plumber's Certificate, valid within the limits of jurisdiction of the Plumbing Inspector, and for whom no revocation or suspension of license is pending. . . (Italics added.)

The italicized language above would seem to expressly authorize acceptance of applications for plumbing permits from "contractors currently licensed in their respective fields" and would seem to necessarily refute petitioners' contention that only master plumbers may apply for and obtain the issuance of a permit to do *any* work requiring a plumbing permit.

If it were the legislative intent that only master plumbers may obtain the issuance of permits to do work requiring a plumbing permit, it would seem that the building code would so provide.  On the contrary, it scrupulously provides that plumbing permits for certain work may be issued to contractors (in good standing) licensed to do work in their respective fields —as is the respondent, Henley & Beckwith Sprinkler Division, Inc.

Admittedly, certain work, designated as plumbing by the provisions of subsection 4601.5(d) (2), may only be accomplished by a master plumber and no other contractor is permitted to perform such work. However, the most cursory reading of this subsection will reveal that the work in question does not fall into those categories exclusively reserved to master plumbers.[3]

Petitioners do not really contend to the contrary insofar as this subsection is concerned.  Their contention, as the court understands it, is that this work falls within the *general definition*

---

3. The permit here for the installation in question expressly excluded such work as may be involved in the "actual connection to a potable water supply".

of "plumbing" set forth in section 4602 of the code. That being so, according to their argument, such work may *only* be done by a master plumber.

This contention must be rejected for several reasons. First, and most important, to give it effect would require this court by judicial fiat to strike or ignore the pertinent provisions of subsection 4601.5 which expressly and specifically govern permits for standpipe systems. This the court declines to do. Snively Groves, Inc. v. Mayo, 135 Fla. 300, 184 So. 839; Vocelle v. Knight Brothers Paper Co., Fla. App., 118 So. 2d 664; 30 Fla. Jur., Statutes, §112, p. 216.

In addition, the general definition section (4602), upon which petitioners rely, contains the customary caveat — "Unless otherwise expressly stated . . ." Subsection 4601.5(d)(2) would seem to " . . . otherwise expressly state . . ."

Moreover, the statutory scheme of the code makes it abundantly clear to the court that the definition of "plumbing" as set forth in the general definition section (4602) was for the purpose of delineating the over-all subject matter falling within the purview of chapter 46 (plumbing) and thereby, subject to the regulatory police power jurisdiction of the county in this field. The fact that permits may be required by the county (in the exercise of its police power) to perform such work, surely does not compel the conclusion that such permits may be granted only to master plumbers. As previously noted, subsection 4601.5 expressly provides to the contrary.

In this connection it is worthy of emphasis that not all contractors fall within the purview of subsection 4601.5(d)(2). Only those determined to be qualified to perform the work sought to be performed may obtain permits. Thus, in order to obtain a permit for installation of fire standpipe and sprinkler systems, the applicant must hold an appropriate certificate of competency qualifying him to perform such particular work.

The respondent, Henley & Beckwith Sprinkler Division, Inc., holds such certificate of competency qualifying it as a — "Mechanical Contractor, Category #10 — Limited to fire sprinklers and standpipes — Unrestricted". Such certificate of competency on its face authorized this respondent specifically to perform the work of installing fire standpipe sprinkler systems.

This brings us to petitioners' second contention which seemingly anticipated the court's disposition of their first one.

The gravamen of this point is that the respondent, Henley & Beckwith Sprinkler Division, Inc., cannot qualify as a contractor currently qualified in its field because the certificate of competency held by the respondent, Henley & Beckwith Sprinkler Division, Inc., was unlawfully issued and is null and void.

This matter is not properly before the court, and the petitioners are precluded, as a matter of law, from asserting such contention. This is so because petitioners failed to first exhaust the administrative remedies provided for and required under the applicable and controlling provisions of ordinance no. 57-25, governing the qualifying and issuance of certificates of competency to *all* contractors, masters and journeymen engaging in the various building trades. See section 10-21(c) of the Code of Metropolitan Dade County, Florida (section 17.11(H), ordinance no. 57-25, as amended), which provides for an administrative review of decisions of the various examining boards by an Examiners' Mediation Board.

Hence, prior to recourse to the court for revocation of the certificate of competency issued by the Mechanical Contractors' Examining Board, the petitioners must exhaust their administrative remedies by submitting their contention to the Examiners' Mediation Board. Failure to so exhaust their administrative remedies deprives the petitioners of any right to judicial review of the propriety of the certificate of competency here questioned for the first time. See De Carlo v. Town of West Miami, Fla., 49 So. 2d 596, Morrison v. Plotkin, Fla., 77 So. 2d 254, 1 Fla. Jur., Administrative Law, §175 p. 401.

The same result is reached by a different approach — the only decision brought before this court by petitioners' petition for writ of certiorari is that of the *Dade County Board of Rules and Appeals* and that board, in the absence of some determination to the contrary (administrative or judicial), necessarily had to proceed upon the assumption that a certificate of competency issued by a sister board — the Mechanical Contractors' Examining Board — was lawful and valid. Petitioners may not now for the first time contend that such certificate of competency was unlawfully issued.

It is accordingly ordered and adjudged that petitioners' petition for writ of certiorari to review and quash the administrative decision of the Dade County Board of Rules and Appeals be and it is hereby dismissed with prejudice.