538 P.2d 482 (1975)
Sandra G. KOLWICZ, Plaintiff-Appellant,
Roger H. Olson, Plaintiff,
v.
CITY OF BOULDER, a Municipal Corporation, and Robert G. Westdyke, Coordinator of Public Facilities of the City of Boulder, Defendants-Appellees.
No. 74-242.
Colorado Court of Appeals, Div. III.
May 28, 1975.
Rehearing Denied June 17, 1975.
Ruth M. Wright, Marvin B. Woolf, Boulder, for plaintiff-appellant.
Walter L. Wagenhals, City Atty., Richard D. Lynton, Asst. City Atty., Boulder, for defendants-appellees.
Selected for Official Publication.
VanCISE, Judge.
Plaintiff Sandra G. Kolwicz appeals the judgment dismissing the complaint against the defendants, City of Boulder and Robert G. Westdyke, as Coordinator of Public Facilities of Boulder. We affirm.
In 1969, Boulder's city council adopted an ordinance entitled "Flood Plain Regulations" (§§ 37-1201 through 1211 of the Boulder Revised Code), which restricts use of land in the area which would be inundated by a 100-year flood, referred to herein as the "flood plain." This area is subdivided into a "floodway area" and a "flood storage area," defined by the regulations as:
"`Floodway area' means that portion of the flood plain required for the passage or conveyance of the one hundred year flood. Waters will flow at significant depths with significant velocities."
"`Flood storage areas' means those portions of the flood plain that serve as temporary storage areas for flood waters and that lie landward of the floodway area; such areas tend to reduce downstream flood peaks."
The regulations specify that: "[T]he extent of both the floodway district and the flood storage district shall be set forth and delineated upon official maps which shall be approved by motion of the city *483 council." Included also are provisions for permitted uses, standards and conditions of use in the floodway and in the flood storage areas, and standards and conditions for nonconforming uses and for floodproofing. The coodinator is made responsible for administering the regulations.
Although the official flood plain map was adopted by ordinance in April 1971, no official map has been developed or approved by the city council specifically delineating the floodway and the flood storage areas within the flood plain. Since 1971, some building permits have been issued and some buildings have been erected within the flood plain on floodproofing conditions imposed by the coordinator.
Concerned by the failure of the city council to approve and adopt an official map delineating the areas, plaintiffs commenced this action in December 1973. They asked the court: (1) To direct the coordinator to carry out the duties required of him to delineate the floodway and the flood storage areas; (2) to set reasonable deadlines for delineating the areas and having them adopted by the city council on official maps; (3) to declare that Boulder has authority to refrain from issuing building permits for property located in the flood plain pending delineation and adoption of floodway and flood storage areas; and (4) to enjoin Boulder from issuing permits pending the same. In their answer, the defendants move to dismiss because of plaintiffs' lack of standing to bring such an action and for failure to state a claim.
After filing the action, plaintiffs moved for a preliminary injunction prohibiting Boulder from issuing any additional building permits for construction of structures within the flood plain pending the final determination of this action. After a two day evidentiary hearing, the court made detailed findings and concluded that there was insufficient evidence to justify an injunction.
Before the second day of this hearing, plaintiffs moved for leave to file an amended complaint, naming additional parties as defendants, seeking a declaration that the building permits for construction within the flood plain already issued to these new defendants were void, and praying for an abatement or injunction relative thereto. The court denied this motion for the reasons the proposed amendments raised new issues and new parties not involved in the original lawsuit, and the complaint should not be so amended, at least at that stage in the proceedings. The denial was without prejudice to plaintiffs' right to file a separate action or actions against the permittees as authorized by a section of the Boulder city code.
Following the hearing on plaintiffs' motion for preliminary injunction, the court heard and granted defendants' motion to dismiss. With consent of all parties, the evidence presented in the injunction hearing was considered by the court in ruling on the dismissal motion. Under C.R.C.P. 12(b), this consideration of matters outside the pleadings made the motion one for summary judgment. Foster Lumber Co., Inc. v. Weston Constructors, Inc., 33 Colo.App. 436, 521 P.2d 1294.
Kolwicz alone appeals. Nothing in the record shows that she has herself been aggrieved, wronged, or had any of her rights impaired or threatened as a result of the city council's failure to implement its regulations. She seeks no relief for herself, but only to block construction by others not before the court and to compel action by public officials who are not required by law to act. In the complaint, it was alleged merely that she is a resident of Boulder, but, from the record, she has no special interest in the subject matter of this lawsuit which is different from a general interest theoretically shared by the tens of thousands of other residents of Boulder. Under such circumstances, she had no standing to bring this action, see Ahern v. Baker, 148 Colo. 408, 366 P.2d 366; Westwood Meat Market, Inc. v. McLucas, 146 Colo. 435, 361 P.2d 776; Northwest *484 Development, Inc. v. Dunn, 29 Colo.App. 364, 483 P.2d 1361.
Plaintiffs' motion to join additional parties and to amend is a matter within the sound discretion of the trial court. Draper v. School District No. 1, 175 Colo. 216, 486 P.2d 1048; Fladung v. Boulder, 165 Colo. 244, 438 P.2d 688. Under the circumstances of this case, denial of the motion did not constitute an abuse of discretion.
Since the above is dispositive of this appeal, it is not necessary to consider the other issues raised.
Judgment affirmed.
SMITH and RULAND, JJ., concur.