584 P.2d 90 (1978)
James BEDFORD, Durfee Day, Eric Doud, George Greenbank III, James Lincoln, Linda Mandel, J. Gordon McPhee, Leslie Ross, Stephen Suloway and Clinton Wolf, Plaintiffs-Appellants,
v.
BOARD OF COUNTY COMMISSIONERS OF SAN MIGUEL COUNTY, Dale Dillon as Chairman thereof, Planning Commission of San Miguel County, Mario Zadra as Chairman thereof, Planning Department of San Miguel County, Mark Frauhiger as Director thereof, and Pagosa AG, a corporation, Defendants-Appellees.
No. 77-667.
Colorado Court of Appeals, Div. II.
June 1, 1978.
Rehearing Denied July 27, 1978.
Certiorari Denied September 18, 1978.
*91 Korn & Dowling, J. Michael Dowling, Telluride, for plaintiffs-appellants.
Fairlamb & Fairlamb, Millard S. Fairlamb, Delta, for defendants-appellees Bd. of County Com'rs of San Miguel County; Dale Dillon as Chairman thereof; Planning Com'n of San Miguel County; Mario Zadra as Chairman thereof; Planning Dept. of San Miguel County; Mark Frauhiger as Director thereof.
Woodrow, Roushar, Weaver & Withers, Frank J. Woodrow, Montrose, for defendant-appellee Pagosa AG, a corporation.
BERMAN, Judge.
Pursuant to C.R.C.P. 106(a)(4), plaintiffs filed an action in district court seeking judicial review of a zoning resolution passed by the Board of County Commissioners of San Miguel County. The resolution in question granted the application of Pagosa AG, a Swiss corporation, to rezone approximately 240 acres of land from forestry and agricultural use to a planned unit development which included both residential and commercial use.
The defendants filed a motion to dismiss the action on the basis that plaintiffs lacked standing to challenge the zoning resolution. At a hearing on the defendants' motion the parties stipulated that plaintiff Wolf owned an apartment unit in a condominium development adjacent to the rezoned land, but that none of the remaining plaintiffs resided in or owned property closer than three miles to the rezoned land. The trial court concluded that none of the plaintiffs had standing to challenge the resolution, and dismissed the action, and from such dismissal plaintiffs appeal.
In their amended complaint, plaintiffs alleged that the zoning resolution would have a substantial impact on the population density of the surrounding area. Consequently, since plaintiff Wolf owned and resided in a condominium on land immediately adjacent to the rezoned property, he had standing to bring the action. Snyder v. City Council, 35 Colo.App. 32, 531 P.2d 643 (1974); cf. Dillon Companies, Inc. v. City of Boulder, 183 Colo. 117, 515 P.2d 627 (1973). See generally 4 R. Anderson, American Law of Zoning § 25.18 (2d ed. 1977).
By the stipulation, however, the remaining plaintiffs had no interests of a special nature affected by the zoning resolution, and accordingly, they lacked standing to bring the action. Kolwicz v. City of Boulder, 36 Colo.App. 142, 538 P.2d 482.
The judgment is affirmed in part and reversed in part, and the cause is remanded with directions to reinstate the complaint as to plaintiff Wolf.
ENOCH, J., concurs.
VanCISE, J., concurs in part and dissents in part.
VanCISE, Judge, concurring in part and dissenting in part:
I concur with the majority in affirming the dismissal as to the other plaintiffs. I would also affirm as to Wolf.
Admittedly he owns and resides in a condominium on land immediately adjacent to the subject property. However, his only interest of a special nature affected by the *92 zoning resolution different from that of the public generally, see Kolwicz v. City of Boulder, 36 Colo.App. 142, 538 P.2d 482 (1975), is an interest analogous to that of a business competitor. He owns property of the same type as that authorized by the rezoning, and it is also zoned "planned unit development." His special interest, if any, is in attempting to ward off competition that could develop if Pagosa AG is permitted to rezone and to use its property for the same purposes as utilized by Wolf. Zoning is not to be used as a means of stifling competition, Westwood Meat Market, Inc. v. McLucas, 146 Colo. 435, 361 P.2d 776 (1961), nor does possible economic injury from lawful competition confer standing to question the legality of a competitor's operations. Kornfeld v. Perl Mack Liquors, Inc., Colo., 567 P.2d 383 (1977).
The trial court properly held that none of the plaintiffs was an aggrieved person and thus none was entitled to attack the rezoning.