STATE of Wyoming, ex rel., BAYOU LI-QUORS, INC., Bi–Rite Package Liquor Store, Bob's Place, Bouzis Bros.', d/b/a Casper Liquor Store and Sandbar Lounge, Broncos Lounge, D's Oregon Trail Bar, Dorn's Fireside, Galles Sales, Inc., d/b/a Galles Liquor Mart, Gallo-way's Lounge, Hilltop Liquors, Horse-shoe Bar, LBM Lounge & Liquor, MCJ, Inc., d/b/a C.Y. Liquors & Josh's Pub, Moonlight Liquors, Inc., My Brother's Place, Oil City Liquors, Paradise Li-quors & Lounge, Party–Time, Inc., Sage Industries, d/b/a Sky Blue Lounge, The Shadows, Inc., a/k/a The Wright Place, Sonny's Sports Lounge and Sunshine Li-quors, Appellants (Plaintiffs),

v.

The CITY OF CASPER and Luker Development Company, Inc., Appellees (Defendants).

No. 94–254.

Supreme Court of Wyoming.

Nov. 20, 1995.

Les Bowron of Beech Street Law Offices, Casper, for Appellants.

Robert L. Mullen, Casper City Attorney, Casper, for Appellee City of Casper.

Thomas N. Long, H. Frank Gibbard and Paula J. Williams of Thomas N. Long, P.C., Cheyenne, for Appellee Luker Development Co., Inc.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

This case calls for a determination of whether a current liquor license holder has standing to challenge the renewal and transfer of a liquor license to another competitor. Bayou Liquors, Inc. and several other holders of current liquor licenses (hereinafter appellants) challenge the transfer of a liquor license by the City of Casper to Luker Development Company, Inc. (Luker). The district court dismissed the action, concluding that appellants lacked standing.

We reverse.

Appellants do not present a concise statement of the issues, but we can extract a simple, single issue from their brief:

Do appellants have standing to challenge the transfer of a liquor license to a competitor?

Appellee Luker phrases the issue as:

I. Whether the district court properly granted summary judgment for Appellees on the basis that Appellants lacked standing to challenge the renewal of the liquor license of a competing liquor establishment?

A. Whether Appellants have standing to request judicial review of the City of Casper's administrative action?

B. Whether the Wyoming Uniform Declaratory Judgments Act, Wyo.Stat. §§ 1-37-101 et seq. (1988), gives Appel-

lants standing to challenge the City of Casper's administrative decision?

Appellee City of Casper raises two issues:

1. Whether the district court was correct in granting summary judgment to Appellees based upon a determination that Appellants lack standing to challenge transfer and renewal of a liquor license;

2. If summary judgment was not properly granted on the basis of the Appellants' lack of standing, whether the disposition of the case should be sustained on an alternative theory which appears in the record.

### FACTS

The original complaint in this matter was filed on April 14, 1993. After adding Luker as a necessary and indispensable party, appellants, in their Second Amended Complaint, sought a declaratory judgment that the City of Casper had violated numerous state and local laws in renewing and transferring liquor license number 48 to Luker. Appellants alleged violations of the following: W.S. 12–4–102(a)(iv) and (c) (1986); W.S. 12–4–103(a)(v) (1986); W.S. 12–4–601(b) (1986); Casper City Ordinances Chapter 5.08.050(A), (B) and (C); City of Casper Resolution 81–9; and common law duty, *Sterner v. United States*, 774 P.2d 639, 644 (Wyo.1989).

After a hearing on motions for summary judgment, the district court granted appellees' motion concluding that, as competitors, appellants were not one of the parties identified by our decision in *Walker v. Board of County Comm'rs*, 644 P.2d 772 (Wyo.1982) as having standing to challenge actions of licensing authorities that issue or renew retail liquor licenses. The district court entered an order on July 25, 1994, granting appellees' motion for summary judgment, and appellants now appeal.

### STANDARD OF REVIEW

■■■ A party is granted summary judgment if there are no genuine issues of material fact and they are entitled to judgment as a matter of law. W.R.C.P. 56; *Dubray v. Howshar*, 884 P.2d 23, 25 (Wyo.1994). Our review is conducted in the light most favorable to the party opposing the motion, and no

deference is accorded to the district court's decisions on issues of law. *Harbel v. Wintermute*, 883 P.2d 359, 362 (Wyo.1994). We use the same factual materials and the same standards as the district court in our review and may affirm the summary judgment on any legal grounds appearing in the record. *Id.*

### DISCUSSION

■■■ The concept of "standing to sue" refers to a right to relief that goes to the existence of a personal claim for relief. *Matter of Various Water Rights in Lake DeSmet Reservoir*, 623 P.2d 764, 767 (Wyo.1981).

The doctrine of standing is a jurisprudential rule of jurisdictional magnitude. At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest in vigorously advocating. *Washakie Co. Sch. Dist. No. One v. Herschler*, 606 P.2d 310, 317 (Wyo.1980), *cert. denied*, 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28. Accordingly, the doctrine of standing focuses upon whether a litigant is properly situated to assert an issue for judicial or quasijudicial determination. *Laramie Rivers Co. v. Wheatland Irr. Dist.*, 708 P.2d 20, 27 (Wyo.1985). A litigant is said to have standing when he has a "personal stake in the outcome of the controversy." This personal stake requirement has been described in Wyoming as a "tangible interest" at stake. The tangible interest requirement guarantees that a litigant is sufficiently interested in a case to present a justiciable controversy. *Laramie Rivers*, 708 P.2d at 27 (quoting *Int'l Ass'n Fire Fighters v. Civil Serv. Comm'n*, 702 P.2d 1294, 1297–98 (Wyo.1985)). *Schulthess v. Carollo*, 832 P.2d 552, 556–57 (Wyo.1992).

Appellants claim standing based on two theories. First, they claim that they have standing under this court's decision in *Walker v. Board of County Comm'rs*, 644 P.2d 772 (Wyo.1982) as citizens or residents and taxpayers of Casper. Second, appellants also claim standing by virtue of their being competitors of Luker. Luker counters that ap-

pellants do not have standing under either theory. Essentially, Luker's argument is that *Walker* provides the exclusive list of who has standing to challenge the issuance or renewal of a liquor license and appellants do not fit within any of the identified groups given standing in that case. Furthermore, Luker claims that standing, based on a status of being a competitor, is not available because the only interest such a party would have would be impermissible—*i.e.*, a desire to restrain competition. For the same reason, Luker asserts that appellants cannot have standing as residents since their impermissible motive gives them "unclean hands."

In *Walker*, we confronted the issue of who has standing to seek a hearing and judicial review of a decision to issue a liquor license under the Wyoming Administrative Procedure Act (APA), W.S. 16–3–101, *et seq.* 644 P.2d at 774. We held that:

> [A] right to a hearing pursuant to the Administrative Procedure Act with resulting judicial review in matters pertaining to the issuance or renewal of a retail liquor license exists only (1) to those people and residents referred to in § 12–4–104(b)(i) and (iv) for the purposes there set forth; and (2) to matters involving revocation or suspension of such licenses by the Wyoming Liquor Commission pursuant to § 12–7–201(d), W.S.1977.

644 P.2d at 775. Since neither *Walker* nor this case involves the second situation, the relevant statute is W.S. 12–4–104(b) (1986 Rpl.), subsections (i) and (iv), which provides in relevant part:

> A license or permit shall not be issued, renewed or transferred if the licensing authority finds from evidence presented at the hearing:
>
> (i) The welfare of the people residing in the vicinity of the proposed license or

permit premises shall be adversely and seriously affected;

> \*    \*    \*    \*    \*    \*
>
> (iv) The desires of the residents of the county, city or town will not be met or satisfied by the issuance, renewal or transfer of the license or permit[.]

Thus, according to *Walker*, the only parties who have standing to challenge, in a hearing with resulting judicial review, the issuance or renewal of a retail liquor license are: (1) people residing in the vicinity of the proposed license or permit premises who claim that their welfare will be adversely and seriously affected; and (2) residents of the county, city or town who claim that their desires will not be met.[1]

At first blush it is easy to distinguish *Walker* from this case. *Walker*, as we have already pointed out, involved actions seeking a hearing and judicial review under the Wyoming APA. However, in this case, appellants' cause of action is for declaratory judgment, not review under the APA. Indeed, appellants could not proceed pursuant to the APA even if they so desired since the City of Casper is not subject to the act. *See Foster's Inc. v. City of Laramie*, 718 P.2d 868, 872 (Wyo.1986). Since cities are not agencies within the meaning of the APA and administrative decisions by the city council are not reviewable under the act, *id.*, it would appear that we are not constrained by the holding in *Walker* and could find standing in parties not identified in that case.

We conclude, however, that the better result is to apply *Walker's* standing requirements to both APA and non-APA reviews of cases involving the issuance or renewal of retail liquor licenses. Our decision is based upon considerations of uniformity. While the governing bodies of cities are not agencies under the APA, county boards of commissioners, which are also licensing authorities,

---

1. In its decision letter, the district court denied standing, stating:

    In [*Walker*], the Wyoming Supreme Court identified the five parties who have legal concerns with actions of authorities that issue or renew retail liquor licenses. Competing liquor dealers, in the position of Plaintiffs, are not among those listed. The Plaintiffs lack standing \* \* \*.

    While it is true that we identified five parties that could have an interest in the issuance or renewal of a retail liquor license, we went on to explain, however, why not all of them had standing. 644 P.2d at 774. The only private parties that have standing are those identified in W.S. 12–4–104(b)(i) and (iv).

are agencies. See W.S. 16–3–101(b)(i) (1990 Rpl.) and W.S. 12–4–101(a) (Cum.Supp.1995). Thus if we were to go beyond the holding in *Walker* and allow standing for other parties when the decision was made by a city, we would then have the anomaly of different parties having standing to challenge retail liquor licenses solely on the basis of where that particular license was issued.[2] We could not tolerate such a result. Therefore, we must deny standing to appellants on the basis of their being competitors to Luker, since standing was not granted to parties on that basis in *Walker*.

■ We must now decide if appellants have standing as residents, a group recognized as having such in *Walker*. W.S. 12–4–104(b)(iv). We conclude that they do. The term "resident" is not defined in Title 12, however appellants are clearly "residents" within the ordinary meaning of that term. *See* The American Heritage Dictionary of the English Language, New College Edition (resident: One who makes his home in a particular place). Certainly one does not become any less of a resident of a county, city or town just by virtue of the fact they happen to own a liquor license. Indeed, the statute at issue makes no such distinction; it simply says "resident." We hold that owners of a retail liquor license can be a "resident" and consequently have standing under *Walker* and 12–4–104(b)(iv) to challenge the issuance or renewal of a retail liquor license in the same manner as any other resident of the county, city or town.

We find further guidance in reaching this conclusion from cases decided by our sister state of Colorado. In that state, competing liquor license holders do not have standing to challenge the issuance of liquor licenses by reason of any economic injury. *Kornfeld v. Perl Mack Liquors, Inc.*, 193 Colo. 442, 567 P.2d 383 (1977). They do, however, have standing to challenge that action as a resident of the affected neighborhood. *Brass Monkey, Inc. v. Louisville City Council*, 870 P.2d 636, 639 (Colo.App.1994); *Norris v. Grimsley*, 41 Colo.App. 231, 585 P.2d 925, 927 (1978). The Colorado courts have con-

cluded that competitors, like any resident, have a legitimate interest that, among other things, "the character of their neighborhood, the safety of their children, and the value of their property, be adequately protected" giving them "a strong interest in insuring that the liquor licensing procedure is fairly and properly administered." *Norris*, 585 P.2d at 927.

■ Our decision in *Walker* also required that in order to have standing, a resident had to do so for the purposes set forth in § 12–4–104(b)(iv). 644 P.2d at 775. That is, that the desires of the resident would not be met or satisfied by the issuance, renewal or transfer of the liquor license. We think that actions which seek to ensure that licenses are issued, renewed or transferred in compliance with the liquor code and local ordinances fits within the broad purpose enunciated by the statute. Certainly residents have a strong interest in seeing compliance with the law. *Norris*, 585 P.2d at 927. However, we do note from appellants' complaint that not all of them are residents of the City of Casper. Only residents of the licensing authority may challenge its decisions. W.S. 12–4–104(b)(iv). Residents who live within the boundaries of a licensing authority other than one whose action is being challenged do not have a sufficient interest on which standing could be based. On remand, the district court should dismiss those parties from the proceedings.

■ Luker complains, however, that appellants have "unclean hands" and should not have standing because their motive in bringing this action is to stifle competition. We have a hard time understanding how appellants could stifle competition, assuming they succeeded in this action. It is the city's decision to issue the license. W.S. 12–4–101(a). If appellants are ultimately successful, then the Casper City Council may simply follow the correct procedures and reissue the license. Appellants cannot, by this action, reduce the number of liquor licenses within the licensing authority, nor have they made any request to limit the number of licenses

---

**2.** Neither party has suggested that we overrule or modify our holding in *Walker* in any way. We

decline to do so on our own initiative without the benefit of briefing or oral arguments.

or have the City not reissue this one. Furthermore, there is no evidence in the record that appellants are, in fact, motivated by anti-competitive desires in bringing this action. Luker apparently bases its argument solely on the fact that appellants alleged standing based on their status as competitors. Just because they have alleged standing on that basis is not, by itself, evidence that appellants have "unclean hands." Luker's bald assertion in its brief is not sufficient proof of an improper motive. If appellants were challenging a decision to issue more licenses and Luker could present us with some evidence, then perhaps the argument would have more merit; but that is not the case. In any event, while appellants are not entitled to freedom from competition, they, like all other residents, are entitled to fair competition within the requirements of the law.

■ Luker also argues that appellants cannot bring a declaratory judgment action because there is no justiciable controversy since a declaration that the renewal and transfer of the liquor license was invalid will not affect any "rights, status or other legal interest" of appellants. We need not spend much time on this argument other than to note that we have already found that appellants have standing as residents and, as such, possess an interest in the compliance with the law by which the licensing authority is governed.

■ Relying on Kurpjuweit v. Northwestern Development Co., Inc., 708 P.2d 39 (Wyo.1985), Luker claims that a declaratory judgment action is an improper vehicle in which to challenge the decision of an administrative agency. We disagree. In Kurpjuweit we held that a party could use declaratory judgment to determine rights under a lease, including which party was entitled to a liquor license. Indeed, in that case we said that while the court could not direct the issuance of a liquor license, it could require a party to take the necessary steps to transfer the license to the party to whom it properly belonged under a lease. Kurpjuweit, 708 P.2d at 44–45. We also noted that a court cannot direct the issuance of a liquor license since the legislature has placed that responsi-

bility on the local licensing authority and a declaratory judgment action could not be used to "usurp or replace *specific administrative relief.*" *Id.* (emphasis added). In this case, a declaratory judgment in favor of appellants would not direct the issuance of the liquor license to any one party. Furthermore, this action is not usurping or replacing any specific administrative relief since, in fact, there is no administrative relief available to appellants. *See Rocky Mountain Oil and Gas Ass'n v. State*, 645 P.2d 1163, 1167–68 (Wyo.1982) (a declaratory judgment action may be used to challenge the decisions of an administrative body unless it will prejudge issues over which the agency has primary jurisdiction).

■ Lastly, the City of Casper urges us to affirm summary judgment on the merits of appellants' claim. We decline to do so. The district court granted summary judgment on the issue of standing alone. Standing is a jurisdictional issue which must be decided before the merits of a case are even reached. *Washakie County Sch. Dist. No. One v. Herschler*, 606 P.2d 310, 316–17 (Wyo.1980). Since the district court never reached the merits, we find it prudent to let it do so in the first instance.

### CONCLUSION

Appellants, as residents, have standing under this court's decision in *Walker* and W.S. 12–4–104(b)(iv) to challenge the decision of the licensing authority regarding retail liquor licenses.

Reversed and remanded.

THOMAS, Justice, dissenting, with whom TAYLOR, J., joins.

I dissent. The majority opinion invokes a clearly erroneous application of the law with respect to declaratory judgment actions. The district judge correctly ruled that the plaintiffs in the action, the appellants here, were not entitled to seek a declaratory judgment because of lack of standing. He is entitled to have his ruling affirmed.

I recognize that we have held our declaratory judgment statutes are to be liberally construed to give effect to the remedial pur-

poses and to provide relief from uncertainty. *In re Gen. Adjudication of All Rights to Use Water in the Big Horn River Sys.*, 753 P.2d 76 (1988), *cert. granted in part, Wyoming v. United States,* 488 U.S. 1040, 109 S.Ct. 863, 102 L.Ed.2d 987, *aff'd,* 492 U.S. 406, 109 S.Ct. 2994, 106 L.Ed.2d 342, *reh'g denied,* 492 U.S. 938, 110 S.Ct. 28, 106 L.Ed.2d 639, *cert. denied, City of Riverton, Wyoming v. United States,* 492 U.S. 926, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989) and *cert. denied, Shoshone Tribe v. Wyoming,* 492 U.S. 926, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989). Even so, we also have held, quoting from our statute, that "a declaratory judgment is open only to those persons ' * * * *interested* under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise * * *' " and "that the judiciary will not invoke its remedial powers unless presented with a justiciable controversy." *Reiman Corp. v. City of Cheyenne,* 838 P.2d 1182, 1186 (Wyo.1992), *appeal after remand,* 869 P.2d 125 (1994). In this case, I am satisfied these plaintiffs had no interest beyond that of the general interest of the public.

A leading treatise on declaratory judgments couches the rule in this language:

> The general rule is that a party having only such interest as the public generally has cannot maintain an action, and this rule is applicable to declaratory judgment actions.

1 WALTER H. ANDERSON, ACTIONS FOR DECLARATORY JUDGMENTS, § 162, at 313 (2d ed. 1951) (footnotes omitted).

The decided cases support this view and, in their rationale, they demonstrate the soundness of the rule. *E.g., Kolwicz v. City of Boulder,* 36 Colo.App. 142, 538 P.2d 482 (1975); *Greer v. Lewiston Golf & Country Club, Inc.,* 81 Idaho 393, 342 P.2d 719 (1959); *Asendorf v. Common School Dist. No. 102 of Sedgwick County,* 175 Kan. 601, 266 P.2d 309 (1954); *Schroder v. City of Lincoln,* 155 Neb. 599, 52 N.W.2d 808 (1952); *Eacret v. Holmes,* 215 Or. 121, 333 P.2d 741 (1958); *Wright v. Nashville Gas & Heating Co.,* 183 Tenn. 594, 194 S.W.2d 459 (1946); *Jenkins v.*

*Swan,* 675 P.2d 1145 (Utah 1983); *Baird v. State,* 574 P.2d 713 (Utah 1978); *Lyon v. Bateman,* 119 Utah 434, 228 P.2d 818 (1951). *See Ahern v. Baker,* 148 Colo. 408, 366 P.2d 366 (1961). In *Ahern,* the Supreme Court of Colorado considered a situation in which individuals or corporate entities holding package liquor licenses sought to require the Secretary of State to prohibit sales by delivery to the premises of the customer. The court ruled the plaintiffs lacked standing.

In a similar vein, other courts have required some individual interest on the part of a plaintiff in a declaratory judgment action. *E.g., Riley v. County of Cochise,* 10 Ariz.App. 55, 455 P.2d 1005 (1969); *Torres v. City of Yorba Linda,* 13 Cal.App.4th 1035, 17 Cal. Rptr.2d 400 (1993); *Healthamerica Corp. of Kentucky v. Humana Health Plan, Inc.,* 697 S.W.2d 946 (Ky.1985); *Waite v. Holmes,* 133 Mont. 512, 327 P.2d 399 (1958); *King County v. Washington State Bd. of Tax Appeals,* 28 Wash.App. 230, 622 P.2d 898 (1981).

We are setting out on a merry chase if we acknowledge that those who have the same interest as the general public can bring declaratory judgment actions to challenge the decisions of governmental officials or bodies with which they disagree. The chase will be like the current television commercials in which the rabbit just keeps going and going and going and going. We would never overtake that litigation.

In its reliance upon *Walker v. Bd. of County Comm'rs of Albany County,* 644 P.2d 772 (Wyo.1982), the majority engrafts upon the declaratory judgment statutes, WYO.STAT. §§ 1–37–101 to –115 (1988), a rule peculiar to the liquor licensing statutes. I can perceive no justification for adopting a statutory statement of standing identifying those persons who can contest liquor license applications as a rule of standing for our declaratory judgment statutes. The mere fact that this case involves licensing of a liquor establishment does not furnish that justification. For examples of the correct rule, I refer the reader to *Florida State Racing Comm'n v. Broward County Kennel Club,* 77 So.2d 783 (Fla.1955), which relies upon a liquor licensing case, *Turner v. City of Miami,* 160 Fla. 317, 34 So.2d 551 (1948). *Turner* was an injunction

action, but the Supreme Court of Florida ruled its standing concept in those cases was analogous to the appropriate one for a declaratory judgment action. In *Bd. of Registration Comm'rs v. Campbell*, 251 Ky. 597, 65 S.W.2d 713 (1933), the Supreme Court of Kentucky held, in an action by a candidate against the Board of Registration Commissioners of the City of Louisville, that the Democratic and Republican County Executive Committees were not necessary or proper parties. The thrust of the ruling is that those bodies had no interest of their own in the subject matter of the action.

In *Coleman v. Miller*, 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939), the Supreme Court of the United States ruled that legislators must claim a direct injury to achieve standing. Other federal and state courts have ruled consistently in cases involving declaratory judgment actions by legislators. *Risser v. Thompson*, 930 F.2d 549 (7th Cir. 1991), *cert. denied*, 502 U.S. 860, 112 S.Ct. 180, 116 L.Ed.2d 142 (1991); *Kennedy v. Sampson*, 511 F.2d 430 (D.C.Cir.1974); *Colorado Gen. Assembly v. Lamm*, 700 P.2d 508 (Colo.1985); *Zemprelli v. Thornburgh*, 73 Pa. Cmwlth. 101, 457 A.2d 1326 (1983). What is sauce for legislators ought to be sauce for liquor dealers.

I am satisfied that, in order to seek relief against a governmental officer or body under our declaratory judgment statutes, it is essential a plaintiff assert some interest of his own, separate and apart from the interest of the public in order to demonstrate standing to proceed. In this case, the plaintiffs claimed none, nor did they have any, other than the standing invented by this court. Their remedy must be sought in the legislature or at the polls. The judgment of the district judge should be affirmed.