William E. ADRIAN, Appellant,

v.

Catherine M. ADRIAN, Appellee.

No. S–4334.

Supreme Court of Alaska.

Oct. 16, 1992.

William T. Ford, Anchorage, for appellant.

Catherine M. Adrian, pro. per.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

### I. FACTS & PROCEEDINGS

William Adrian and Catherine Adrian were divorced in April 1990. Catherine was awarded custody of the children, Billy and Ronette.[1] Superior Court Judge J. Justin Ripley did not calculate child support because the parties had not yet submitted their child support affidavits. Accordingly, Judge Ripley's findings of fact

contain no concrete information regarding child support. The only factual finding of any relevance to the support calculation states merely that Catherine's income is "less" than William's income.

A short time after entry of the divorce decree, Catherine accepted Ronette's decision to live with her father. This left each parent with custody of one child. Despite repeated requests from Catherine's attorney, William did not complete his support affidavit so that an award could be calculated by the parties' attorneys and submitted for court approval. Catherine eventually filed a motion with the court to compel William to submit his child support affidavit. At the same time, she filed her own child support affidavit.[2]

Ten days after Catherine filed her motion to compel, William submitted his child support affidavit. The affidavit listed his gross monthly income at $1,600, his adjusted annual income at $16,868.16, and calculated his support obligation to be $281.13. Like Catherine, William failed to include with his affidavit tax returns or any other independent proof of income.

In later motions, Catherine and William each disputed the income that the other had reported in their affidavits. William claimed that Catherine failed to report rental income of "over $1,500 per month" that she allegedly received from hairdressers who had rented space in her shop. Catherine, relying on bank statements and a loan application in which William claimed a monthly income of $2,800, submitted a proposed "child support affidavit" on William's behalf which estimated his gross annual income to be $27,450 and set his monthly child support obligation at $458.75.

---

1. William "Billy" Adrian III, the couple's only child, was born in December 1974. William and Catherine also raised Ronette Adrian, William's daughter from a prior relationship. Although Catherine never adopted Ronette, born in October 1972, the parties agreed that Ronette is a child of the marriage under AS 25.24.150.

2. Catherine works as a hairdresser and, at the time of these proceedings, was a partner in the Main Event beauty salon. Catherine's affidavit

listed her gross monthly income at $2,000, her annual adjusted income at $12,660, and her Rule 90.3 monthly support obligation for Ronette at $211. Although the pre-printed affidavit form which she filled out states "I have attached a copy of my most recent federal tax return and pay stubs to verify this information," Catherine did not submit documentation of her income other than the bare affidavit and a similarly undocumented "financial declaration."

William worked primarily as a manager for Chef's Inn during the time of this proceeding, but also did part-time construction work. In response to Catherine's charges that he had underreported his income, William submitted an affidavit from an accountant for Chef's Inn, who averred that a "true and accurate statement of William E. Adrian's wages" had been attached. The attached payroll sheet, covering a two-week period in October 1990, listed William's weekly salary at $400. William also submitted two W-2 statements for 1989. The W-2 from Chef's Inn listed his total compensation for the year at $14,850.00. The other W-2 listed his 1989 income from a construction company he worked for at $4,530.54. William filed no tax returns with the court.

 In November 1990 Superior Court Judge John Reese signed the child support order prepared by Catherine's attorney without making further findings of fact.[3] The order states that Catherine's monthly child support obligation for Ronette is $211.00, and William's support obligation for Billy is $458.75. William is ordered to pay Catherine the difference, $247.75, until July 1, 1991, Ronette's expected date of graduation from high school. *See* Alaska R.Civ.P. 90.3(b) (authorizing this procedure when parents awarded "shared physical custody"). After July 1991, William must pay Catherine $458.75 per month until Billy turns eighteen or graduates from high school. The order does not indicate the income figures used to compute child support, but the support figures correspond to those which Catherine calculated in the af-

fidavits she filed for herself and her ex-husband.[4] This appeal followed.

## II. DISCUSSION

William claims that the trial court erred in using Catherine's unsubstantiated income affidavits to calculate child support. William also claims that the trial court failed to consider the income documentation he submitted to the court. In making his arguments, he points out two deficiencies in the support award: the lack of clear factual findings allowing for reasoned review and the lack of substantial evidence supporting the "implicit" findings of the parties' incomes.

### 1. *Evidence Supporting the Income Determination*

Under Civil Rule 90.3, the foundation of any child support award is an accurate determination of each parent's "adjusted annual income." Alaska R.Civ.P. 90.3(a)(1). To this end, the rule requires that each parent

file a pleading under oath which states the parent's adjusted annual income and the components of this income as provided in subparagraph (a)(1). *This statement must be accompanied by documentation verifying the income.*

*Id.* at (e) (emphasis added). Although neither the rule itself nor the Commentary to the rule require any particular type of supporting documentation, the Commentary suggests that "paystubs, employer state-

---

**3.** One of the many odd features of this case is that the evidence relevant to the child support determination was presented at the divorce trial conducted before *Judge Ripley* but the child support order was actually signed by *Judge Reese.* Civil Rule 63(c) makes provision for the substitution of a disabled judge after a verdict has been rendered. However, the record does not indicate that Judge Ripley was actually disabled or explain why Judge Reese took over the case and signed the support order. Nonetheless, neither party remarks on this point, and more importantly, William fails to claim error or challenge Judge Reese's authority to issue the support order. *See Moffitt v. Moffitt,* 749 P.2d 343, 346 (Alaska 1988) ("If a party acquiesces to the authority of a successor judge by failing to

make a timely objection to that judge's authority, the party has waived any objection he or she may have to challenge that authority."). Therefore, for purposes of this appeal, we will assume that Judge Reese properly referred to the trial transcript and Judge Ripley's findings of fact before signing the child support order.

**4.** Catherine was also awarded $250 in attorney's fees. William challenges this award in his points on appeal but does not raise the issue in his brief. Therefore he has waived this point. *See Petersen v. Mutual Life Ins. Co. of New York,* 803 P.2d 406, 411 (Alaska 1990) (point will not be considered on appeal if given only cursory statement in party's brief).

ments, or copies of federal tax returns" are appropriate. *See* Commentary VIII.

■ In our view, Civil Rule 90.3 does not authorize child support trials by affidavit. The child support affidavit and documentation requirement of 90.3(e) is a pleading requirement not an evidentiary requirement. Of course, affidavits and supporting documents may be used as evidence by stipulation of the parties or if they are admissible under our Rules of Evidence or if they are offered in evidence and no objection is made to their admission. In *Ogard v. Ogard*, 808 P.2d 815, 818–19 (Alaska 1991), we discussed the sometimes difficult process of determining adjusted annual income. The underlying premise of our discussion in *Ogard* is that the goal is to arrive at an income figure reflective of economic reality. *Id.* at 818–19. As a necessary corollary, trial courts must take all evidence necessary to accurately accomplish this task.

■ Catherine does not claim to have supplied documentation to support her affidavits and her financial declaration. Instead, she relies on the consistency of her sworn statements and her testimony at the divorce trial held before Judge Ripley. William's failure to designate the trial transcript as part of the record makes it impossible for us to review this issue as there is no way to know the quality or quantity of the testimonial evidence presented at trial.[5] In signing the support award, Judge Reese obviously accepted Catherine's version of events. This decision is subject to the "clearly erroneous" standard of review. *See* Civil Rule 52(a) (A trial court's factual findings "shall not be set aside unless

clearly erroneous."). We must be left with "a definite and firm conviction *on the whole record* that the judge made a mistake." *Smith v. Smith*, 673 P.2d 282, 283 (Alaska 1983) (emphasis added). Without a complete record of the proceedings, we are unable to make this determination.[6]

### 2. *Sufficiency of Factual Findings*

Civil Rule 52(a) requires the trial court to "find the facts specially and state separately its conclusions of law." We have held that:

> A trial court's findings must be sufficiently detailed and explicit to give an appellate court a clear understanding of the ground on which the trial court reached its decision. If the trial court fails to provide such findings, this court will remand the case to the trial court for more specific findings.

*Sloan v. Jefferson*, 758 P.2d 81, 86 (Alaska 1988) (citations omitted). The only finding of fact relevant to the child support award states:

> The testimony of the parties demonstrates a significant but not overriding economic disparity in the income [William] makes as opposed to the income [Catherine] makes. The only income [Catherine] makes is from hair styling and her income is less than that of [William]. The evidence demonstrated that [William] is the more qualified and able person in the business world. In aid of making this finding, the court has considered and relied in some degree upon the cross-examination of [William] and his answers in connection with exhibit number 12.

---

5. William, as the appellant, is responsible for designating the record and including all materials necessary to decide the issues presented on appeal. *See* Appellate Rule 210(d).

6. The record suggests that William was very uncooperative during these proceedings and hindered the trial court in making an accurate determination of his income. Therefore it may have been appropriate for the court to resolve all factual issues regarding income against him. *See Hartland v. Hartland*, 777 P.2d 636, 640 (Alaska 1989) ("Alaska law clearly permits a trial court to resolve a finding of fact against a party whose vexatious, contemptuous, or ob-

structive behavior causes the trial court to have insufficient evidence."). We are also unwilling to entertain on appeal a challenge to the adequacy of evidence by "a party who fails to present sufficient evidence at trial." *Id.* Nevertheless, if the trial court intends to rely on a party's obstructive or vexatious conduct in resolving the factual dispute, it must explicitly state the facts which support its decision. We will not infer such conduct from the record or create a rationale to support the trial court's action based on the suggestion of uncooperativeness in the record.

Judge Reese must have adopted this finding as he made no new findings of fact. Once again without the trial transcript, it is impossible to fully interpret this finding. Nonetheless, we conclude that the finding, on its face, provides an insufficient basis for the support award. The mere references to the parties' relative financial positions fail to provide the raw numbers necessary for a Civil Rule 90.3 calculation. Also, not only was Judge Reese in a poor position to adopt Judge Ripley's credibility determinations, these determinations alone are unhelpful without a statement of what the factfinder believed the facts to be.

Although the child support award itself indicates that Judge Reese accepted Catherine's assessment of each parties' income, the record indicates that the dispute over income escalated after the April 1990 trial and, more importantly, after the findings of fact were filed. Despite the apparent dispute over each parties's income, Judge Reese did not order a new evidentiary hearing or make specific findings to provide us with "a clear understanding of the ground on which the court reached its decision."[7] Sloan, 758 P.2d at 86. We therefore remand this case for further findings and a recalculation of child support. Given the passage of time and the apparently unresolved factual issues regarding income, an evidentiary hearing on the matter is also appropriate.[8]

The child support award is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

---

7. This appears to be a case of over-reliance on attorney prepared findings of facts and conclusions of law. *See* Civil Rule 78(a); *Industrial Indem. Co. v. Wick Const. Co.,* 680 P.2d 1100, 1108 (Alaska 1984) ("Rule 78(a) was not intended to delegate to counsel the court's duty of finding the facts.") (citation omitted).

8. During the course of these proceedings, Ronette will probably have graduated from high school. On December 3, 1992, Billy will turn eighteen. Therefore, it appears likely that the passing of time will change the nature of this case from one to determine on-going support to an accounting for child support arrears.