**Ron ROUTH, Appellant,**

v.

**Kathi ANDREASSEN, Appellee.**

**No. S–9458.**

Supreme Court of Alaska.

March 23, 2001.

---

32. *See id.* at 877–78.

Fleur L. Roberts, Law Offices of Fleur L. Roberts, Fairbanks, for Appellant.

Kathi Andreassen, North Pole, pro se.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

EASTAUGH, Justice.

### I.  INTRODUCTION

May a court impute income to a child support obligor without conducting a hearing if there is a genuine factual dispute about how much the obligor earned, and the court does not find that the obligor has failed to produce any relevant financial information? Holding that it may not, we reverse the order increasing Ron Routh's child support obligation and remand for further proceedings.

### II.  FACTS AND PROCEEDINGS

Kathi Lynn Andreassen and Ron Routh are divorced, and Kathi has primary physical custody of their son.  In March 1999 Kathi filed a motion requesting that Ron document his income to assist her in requesting modification of his child support obligation.  Ron responded to the resulting production order by providing financial records.  Responding to a later motion, Ron also provided a copy of his 1998 corporate tax returns and attachments for National Auto, his newly acquired business.

Kathi then moved for an increase in child support, arguing that Ron's tax returns under-reported his income and that his income had increased since the last order.  By cross-motion, Ron sought a decrease in his child support obligation.  Ron supported his opposition to Kathi's motion and his reduction request with an affidavit in which he stated that:

> My current wife and I started the business known as National Auto & Truck Service, Inc. at the end of June, 1998.  We are the sole owners of this corporation.  I had previously been working for Airport Equipment Rentals d/b/a National Car Rental, earning approximately $30,000 annually.  Since my [wife] and I began the National Auto & Truck Service business, I have been compensated as an officer at the rate of approximately $33,600 before taxes annually.  This is reflected on [L]ine 7 of the corporate tax return.

Finding the amount of Ron's compensation from National Auto to be ambiguous, the

superior court ordered Ron to file a supplemental affidavit with evidence addressing the issue of how much of the officer compensation and salaries documented on the corporate tax return were paid to Ron. Ron responded with a second affidavit, in which he stated:

> The only income which I personally received from National Auto and Truck Service, Inc. was evidenced by the Form W–2 Wage and Tax Statement attached to my 1998 federal income tax return.... This document discloses the total $6,100 in wages which I received from the business in 1998. This income, and the federal income tax which was withheld from this income, was disclosed ... [in my filing of] June 10, 1999.

The superior court referred Kathi's motion and Ron's cross-motion to the standing master, who issued a report and made recommendations without holding a hearing. The standing master's report noted that Ron's affidavits contained conflicting statements regarding his 1998 National Auto income. Finding that Ron had twice failed to provide clear evidence on this issue, the standing master recommended that the superior court disallow the "deduction for officer compensation" reported by National Auto and instead impute the deducted sum to Ron as income, creating a net income of $53,315. The superior court adopted the standing master's report and ordered Ron to pay child support in the amount of $889 per month. Ron appeals.

## III. DISCUSSION

### A. Standard of Review

■ The superior court's factual findings regarding Ron's net income are subject to the clearly erroneous standard of review.[1] We review de novo the question of whether the trial court has applied the correct legal standard in determining child support.[2] We use our independent judgment to decide whether it was error not to hold an evidentiary hearing.[3]

### B. It Was Error to Impute Officer Compensation to Ron Without Holding a Hearing.

■ The information Ron provided concerning his income as a self-employed business owner is ambiguous. He first affied that Line 7 of the corporate tax return reflected his 1998 earnings from National Auto. Line 7 reports $32,732 in officer compensation for 1998. Ron later affied that "[t]he only income which I personally received from National Auto ... was evidenced by the Form W–2 Wage and Tax Statement ... disclos[ing] the total $6,100 in wages which I received from the business in 1998." Read together, these statements potentially conflict and are ambiguous—did Ron receive $6,100 or $32,732 from National Auto? Did Ron receive compensation in forms other than income? Was any income that Ron actually earned in the business paid to Ron's new wife and co-owner of National Auto? The ambiguity inherent in the affidavits would permit a fact finder, in resolving these fact disputes after hearing evidence on the issue, to infer that Ron's income from National Auto was higher than the $6,100 he reported.

■ But Ron's most recent affidavit also reasonably permits the contrary inference, that his income was what his 1998 tax returns reported it to be. The superior court, in calculating income for child support purposes, should "arrive at an income figure reflective of economic reality."[4] The question whether National Auto provided additional compensation to Ron cannot be answered without more evidence. "[T]rial courts must take all evidence necessary to accurately" reflect the parties' economic real-

---

1. See *Gallant v. Gallant*, 945 P.2d 795, 800 (Alaska 1997).

2. See *Marine v. Marine*, 957 P.2d 314, 316 (Alaska 1998) (citing *Sanders v. Sanders*, 902 P.2d 310, 313 (Alaska 1995)).

3. Cf. *Adrian v. Adrian*, 838 P.2d 808, 811 (Alaska 1992) ("[T]he goal is to arrive at an income figure reflective of economic reality. As a neces-

sary corollary, trial courts must take all evidence necessary to accurately accomplish this task.") (citing *Ogard v. Ogard*, 808 P.2d 815, 818–19 (Alaska 1991)); see also *Acevedo v. Burley*, 944 P.2d 473, 476 n. 2 (Alaska 1997).

4. *Adrian*, 838 P.2d at 811 (citing *Ogard*, 808 P.2d at 818–19).

ity.[5]  Alaska Civil Rule 53(b) gives the standing master the ability to "require the production of evidence upon all matters embraced in the reference," an ability not invoked here.

A hearing is not required if "there is no genuine issue of material fact before the court."[6]  But here the limited evidence available creates a genuine issue of material fact—how much did National Auto add to Ron's available income?  In *Adrian*, we held that a similar contest over income statements warranted an evidentiary hearing.[7]

The standing master recommended that the full amount of the Line 7 figure be imputed to Ron as income because Ron "had a second opportunity to provide evidence of the validity of this deduction and did not."  The standing master may "resolve a finding of fact against a party whose vexatious, contemptuous, or obstructive behavior causes the [standing master] to have insufficient evidence."[8]  The master must, however, "explicitly state the facts which support its decision" to "rely on a party's obstructive or vexatious conduct in resolving the factual dispute."[9]  Although the standing master observed that Ron had two opportunities to supplement the fact record, she did not find that he was uncooperative, vexatious, or obstructive.

In adopting the recommendations of the standing master, the superior court did not list any facts that would have supported a finding by the master of uncooperative, vexatious, or obstructive behavior by Ron. And we "will not infer such conduct from the record or create a rationale to support the trial court's action based on the *suggestion* of uncooperativeness in the record."[10]

Although we have acknowledged the validity of a concern that income tax returns may not reflect true income,[11] a court cannot presume that a party is obstructive per se when the party provides a substantial response to requests for evidence of income received from a business by producing personal tax returns, business tax returns, and an affidavit swearing as to the amount of income received from the business.  The burden of proof on the issue of Ron's change in income rested with Kathi, the movant on the motion to increase his child support obligation.[12]  Kathi had to show by a preponderance of the evidence that there had been a material and substantial change in circumstances.[13]

We hold that it was error to resolve this factual question against Ron without a hearing, absent specific findings of obstructive, vexatious, or contemptuous behavior that prevented Kathi from offering evidence concerning his income.

## IV.  CONCLUSION

For these reasons we REVERSE the order of the superior court and REMAND for further proceedings.  We leave it to the superior court to decide whether to permit the parties to submit additional evidence.

---

5.  *Id.*

6.  *Turinsky v. Long,* 910 P.2d 590, 594 (Alaska 1996) (citing *Epperson v. Epperson,* 835 P.2d 451, 453 (Alaska 1992)).

7.  *See Adrian,* 838 P.2d at 811 ("In our view, Civil Rule 90.3 does not authorize child support trials by affidavit.").

8.  *Hartland v. Hartland,* 777 P.2d 636, 640 (Alaska 1989).

9.  *Adrian,* 838 P.2d at 811 n. 6.

10.  *Id.* (emphasis added).

11.  *See Ogard,* 808 P.2d at 819 ("[W]e acknowledge the court's concerns regarding the accuracy of an income tax return as a reflection of true income. . . .").

12.  *See Dewey v. Dewey,* 886 P.2d 623, 629 (Alaska 1994) (citing *Curley v. Curley,* 588 P.2d 289, 291 (Alaska 1979)).

13.  *See Dewey,* 886 P.2d at 629 (citing *Curley,* 588 P.2d at 292 n. 9).