*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| CHERYL JORDAN and THOMAS JORDAN, )<br><br>Appellants, )<br><br>v. )<br><br>CHANDRA WATSON and WILLIAM JORDAN, )<br><br>Appellees. ) | Supreme Court No. S-16500<br><br>Superior Court No. 1SI-16-00027 CI<br><br>O P I N I O N<br><br>No. 7213 – December 8, 2017 |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Sitka, David V. George, Judge.

Appearances: Kara A. Nyquist, Anchorage, for Appellants. James W. McGowan, Sitka, for Appellee Chandra Wilson. No appearance by Appellee William Jordan.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

CARNEY, Justice.

## I.    INTRODUCTION

Paternal grandparents asked the court to order visitation with their grandson. The superior court denied their request because they did not allege that the child suffered any detriment from a lack of court-ordered visitation. We affirm.

## II.    FACTS & PROCEEDINGS

Cheryl and Thomas Jordan are the grandparents of a young boy.  They moved to intervene in a custody dispute between the boy's parents to seek court-ordered visitation with their grandson.  Neither their motion nor its accompanying affidavits contained any allegation that the child suffered any detriment from a lack of court-ordered visitation.  They alleged only that the child's mother, Chandra Watson, restricted them to "short visits" with the child, failed to facilitate their relationship with the child, and preferred to hire strangers to babysit instead of asking the grandparents to watch him.  Chandra objected to the grandparents' motion.

The superior court denied the motion, reasoning that the grandparents had not alleged any detriment to the child resulting from a lack of court-ordered visitation, as required by our decision in *Ross v. Bauman*.[1]  The grandparents filed a second motion making similar arguments; the court rejected it on the same grounds.  The grandparents appeal.

## III.   DISCUSSION

The grandparents argue that statutory law and due process required the superior court to at least grant them a hearing on their motion.  "We use our independent judgment to decide whether it was error not to hold an evidentiary hearing."[2]  "A hearing is not necessary if 'there is no genuine issue of material fact before the court,' "[3] and we will affirm the superior court's decision to deny a hearing if "the facts alleged, even if

---

[1]     353 P.3d 816, 828-29 (Alaska 2015).

[2]     *Limeres v. Limeres*, 367 P.3d 683, 686 (Alaska 2016) (quoting *Routh v. Andreassen*, 19 P.3d 593, 595 (Alaska 2001)).

[3]     *Hartley v. Hartley*, 205 P.3d 342, 346-47 (Alaska 2009) (citing *Routh*, 19 P.3d at 596).  *See also Acevedo v. Burley*, 944 P.2d 473, 476 n.2 (Alaska 1997) (analogizing this standard to our review of summary judgment decisions).

proved, cannot warrant" granting the grandparents visitation.[4] "Questions of due process also are reviewed de novo."[5]

Alaska Statute 25.20.065 allows grandparents to seek "reasonable rights of visitation" with a grandchild if they have "established or attempted to establish ongoing personal contact with the child" and if visitation is in the child's best interests.[6] But we held in *Ross v. Bauman* that due process requires a third element: "[A] third party seeking court-ordered visitation with a child, including a grandparent seeking an order under AS 25.20.065, must prove by clear and convincing evidence *that it is detrimental to the child* to limit visitation with the third party to what the child's otherwise fit parents have determined to be reasonable."[7]

None of the grandparents' filings before the superior court or this court alleged facts that would constitute detriment; nor have they even acknowledged that a showing of detriment is necessary under *Ross*. The facts that they allege, even if proved, cannot warrant the court-ordered visitation that they seek.[8]

The grandparents assert that the superior court's ruling deprives them of due process, and maintain that grandparents in general possess a protected liberty interest "in the best interests of their grandchild." But we held in *Ross* that a showing of

---

[4] *See Morino v. Swayman*, 970 P.2d 426, 428 (Alaska 1999) (quoting *C.R.B. v. C.C.*, 959 P.2d 375, 378 (Alaska 1998)) (applying this standard to hearing on motion to modify visitation).

[5] *In re Estate of Fields*, 219 P.3d 995, 1003 (Alaska 2009) (citing *S.B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 61 P.3d 6, 10 (Alaska 2002)).

[6] AS 25.20.065(a).

[7] 353 P.3d 816, 828-29 (Alaska 2015) (emphasis added).

[8] *See Morino*, 970 P.2d at 428.

detriment was required — even for grandparents — in order to protect parents' overriding interests in directing the upbringing of their children.[9] The balance of interests that due process requires was resolved in favor of the parents, and the result is the "showing of detriment" test which the grandparents here have failed to even argue they could satisfy.

## IV.    CONCLUSION

We AFFIRM the decision of the superior court.

---

[9]    *Ross*, 353 P.3d at 828-29.